

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 10, 1958

Honorable William A. Harrison
Commissioner of Insurance
International Life Building
Austin 14, Texas

Opinion No. WW-361

Re: Whether an insurance company
that divides and issues all
of its capital stock on a no
par basis may have different
classes of no par stock.

Dear Sir:

You have asked the opinion of this office whether an insurance company may have different classes of no par stock. Article 3.02a added to the Insurance Code in 1955, provides that a life insurance company may divide its shares of stock on a no par basis. It further provides, "if divided or converted into shares of no par value, every such share shall be equal in all respects to every other share."

A similar provision is contained in Article 2.07 of the Texas Insurance Code, which now regulates the issuance of no par stock by insurance corporations other than life.

The first provision in the Texas law permitting a corporation of any type to issue no par stock was enacted in 1925. (Acts 1925, 39th Leg., p. 236, and set forth as Articles 1538a-1538m, V.A.C.S.) Expressly excluded from the provisions of the Act were insurance corporations. It was not until 1935 that insurance companies were first enabled to issue no par stock, and this by virtue of the passage of Acts 1935, 44th Leg., p. 492, amending Article 4704 of the Revised Civil Statutes. The 1935 Act so far as is here material contained substantially the same language as that now in Articles 3.02a and 2.07.

It is to be noted that in contrast to the provisions of Articles 2.07, 3.02a and the 1935 Act, the provisions of Article 1538a as they were originally enacted in 1925 and were in effect at the time of the passage of the insurance no par provisions were and are as follows:

"Every such share shall be equal in all respects to every other share, except that the charter or any amendment thereof may provide that such shares should be divided into different classes, the shares of each class to have preferences, designations, rights, privileges, and powers and be subject to such restrictions, limitations, and qualifications as shall be stated in the charter or any amendment thereof."

We believe that but one conclusion can be drawn from the language in Articles 3.02a and 2.07 previously referred to above in view of the omission of the proviso expressly permitting different classes underlined above, found in Article 1538a, applicable to corporations generally. That interpretation is that if an insurance company issues no par stock, all shares of its no par stock must be equal in all respects and that there cannot be different classes of no par stock, and you are so advised.

### SUMMARY

An insurance company may not have different classes of no par stock.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Fred B. Werkenthin
Fred B. Werkenthin
Assistant

FBW:lm

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

Morgan Nesbitt
John H. Minton, Jr.
Wayland C. Rivers, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:
W. V. Geppert